# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

SHARNIKA LOTTIE and )
VANCE DOTSON, )
                                )
            Plaintiffs, )
                                )
v. )    Case No. CIV-21-1171-PRW
                                )
MIDLAND CREDIT )
MANAGEMENT, INC., )
                                )
            Defendant. )

## **ORDER**

Before the Court is Defendant Midland Credit Management, Inc. ("Midland")'s Motion for Judgment on the Pleadings (Dkt. 19). For the reasons below, the Court **GRANTS** the motion (Dkt. 19).

### *Background*

Plaintiffs sued Midland for allegedly violating the Fair Debt Collection Practices Act ("FDCPA"). Mr. Vance Dotson claims that Midland violated the FDCPA by failing to communicate to consumer reporting agencies that certain debts attributed to Ms. Sharnika Lottie were disputed by Ms. Lottie, in violation of 15 U.S.C. § 1692e(8). Mr. Dotson—who was not associated with this alleged injury—claims that Ms. Lottie assigned the entirety of her claim against Midland, allowing him to prosecute the action against Midland as a pro se plaintiff. Now, Midland moves for judgment on the pleadings, claiming that Mr. Dotson has failed to demonstrate any personal injury-in-fact and therefore has no standing

to prosecute the action, and additionally that the alleged assignment of the claim from Ms. Lottie to Mr. Dotson is not permitted by law.[1]

## *Legal Standard*

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." In the Tenth Circuit, "[a] motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)."[2] Accordingly, the Court "accepts as true all well-pleaded factual allegations in the complaint, 'resolve[s] all reasonable inferences in the plaintiff's favor, and ask[s] whether it is plausible that the plaintiff is entitled to relief.'"[3] "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"[4]

---

[1] Midland also argues that the Plaintiffs have failed to state a prima facie claim under the FDCPA. Since the Court resolves this motion on standing grounds, the Court finds it unnecessary to reach the Midland's alternative argument.

[2] *Zevallos v. Allstate Prop. & Cas. Co.*, 776 F. App'x 559, 561 n.1 (10th Cir. 2019) (quoting *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000)).

[3] *Woodie v. Berkshire Hathaway Homestate Ins. Co.*, 806 F. App'x 658, 666 (10th Cir. 2020) (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) and citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)))).

[4] *Id.* (quoting *Iqbal*, 556 U.S. at 678).

However, unlike with a motion to dismiss, in ruling on a motion for judgment on the pleadings, the Court may, as the name suggests, consider the answer to the complaint.[5] As Wright and Miller explain:

> As numerous judicial opinions make clear, a Rule 12(c) motion is designed to provide a means of disposing of cases when the material facts are not in dispute between the parties and a judgment on the merits can be achieved by focusing on the content of the competing pleadings, exhibits thereto, matters incorporated by reference in the pleadings, whatever is central or integral to the claim for relief or defense, and any facts of which the district court will take judicial notice. The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court.[6]

### *Discussion*

This is not the first time that this Court has addressed the legality of Mr. Dotson's attempted assignment of tort claims. On at least three separate occasions, judges in this district have examined this precise issue and concluded that the attempted assignment of tort claims under the FDCPA is barred by law, and so Mr. Dotson has no standing to prosecute actions against credit collectors.[7] The Court finds the reasoning of these previous orders persuasive and adopts it here.

---

[5] *See Park Univ. Enterprises, Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x. 750 (10th Cir. 2013).

[6] 5C Wright & Miller, Federal Practice and Procedure: Civil 3d § 1367 (footnotes omitted).

[7] *See* Order (Dkt. 11) at 2-5, *Dotson v. Credit Bureau Serv.'s Ass'n*, CIV-22-00256-PRW (W.D. Okla. May 25, 2022); Order (Dkt. 26) at 2, *Dotson v. GLA Collection Co.*, CIV-22-00196-J (W.D. Okla. May 11, 2022); Order (Dkt. 32) at 2-3, *Dotson v. Source Receivables Man.*, CIV-22-00198-HE (W.D. Okla. May 10, 2022).

Generally, while claims arising from a violation of a contract may be validly assigned to other individuals, claims arising from tort—such as fraud or misrepresentation—may not be assigned.[8] While this longstanding "common law rule that [an] action arising out of a pure tort is not assignable," is not absolute, courts have required a clear statement by a legislature before departing from the common-law rule for any given type of claim.[9]

Here, the pleaded claim arises out of a federal statute—the FDCPA—that does not address the assignability of claims such as this one. Given this silence from the federal regime, the Court turns to Oklahoma state law for guiding principles on the assignability of personal tort claims.[10] In Oklahoma, "[t]he assignment of claims not arising out of

---

[8] 64 C.J.S. Assignments § 49, *Assignability of Right of Action in Tort* (2022).

[9] *Trinity Morg. Co. v. Dryer*, 451 F. App'x 776, 778 (10th Cir. 2011). The Court cites unpublished decisions of the Tenth Circuit for their persuasive value, consistent with Tenth Cir. R. 32.1 and Fed. R. App. P. 32.1.

[10] *See U.S. Fax Law Center, Inc. v. iHire, Inc.*, 476 F.3d 1112, 1118 (10th Cir. 2007). In *iHire*, the Tenth Circuit concluded that Colorado state law guided determinations of assignability of claims brought pursuant to the federal Telephone Consumer Protection Act ("TCPA"). While the TCPA had a provision explicitly directing the use of the state law, the Tenth Circuit held that "[e]ven without the explicit language in the TCPA directing the use of state law, Colorado law would inevitably apply under general choice of law principles" since although federal law should apply where "diverse resolutions of a controversy would frustrate the operations of a federal program, conflict with a specific national policy, or have some direct effect on the United States or its treasury," in *iHire* "the United States is not a party[] and we are unaware of any federal program that could be frustrated," so "allowing state law to govern the assignability of TCPA claims does not conflict with any federal policy." *Id.* at 1118-19. This conclusion corresponds with the Tenth Circuit's prior holding from *Fed. Dep. Ins. Corp. v. Bank of Boulder*, 911 F.2d 1466 (10th Cir. 1990), that state law governing assignability is displaced only by clear preemption and actual conflict with federal law. *Id.* at 1472.

contract is prohibited."[11] Here, where Mr. Dotson has claimed misrepresentation or failure to accurately represent Ms. Lottie's debt, his claim is most like a tort claim for fraudulent misrepresentation.[12] His pleaded claim certainly does not arise out of a contract between Midland and Ms. Lottie. Therefore, Oklahoma law bars the assignment of the claim pleaded in this case.

Since Ms. Lottie cannot validly assign her FDCPA claim against Midland to Mr. Dotson, Mr. Dotson has no connection to this case and no "legally protected interest" that could have been violated by Midland.[13] Without a legally protected interested that was violated, Mr. Dotson suffered no injury-in-fact and is thus left without standing to sue.[14] Additionally, since Ms. Lottie is not a proper party to this case, any injury she may be able to allege cannot be a basis for standing in this case.[15]

---

[11] Okla. Stat. tit. 12, § 2017(D); *see also Rose Group, LLC v. Miller*, 64 P.3d 573, 575 (Okla. Civ. App. 2003) ("Section 2017(D) prohibits the assignment of claims not arising from contract. This section embodies the common law rule that a chose in action arising out of a pure tort is not assignable.")

[12] *See Lupia v. Medicredit, Inc.*, 8 F.4th 1185, 1191 (10th Cir. 2021) (noting similarities between FDCPA claims and multiple torts); *see also* Order (Dkt. 11) at 4, *Dotson v. Credit Bureau Serv.'s Ass'n*, CIV-22-00256-PRW (W.D. Okla. May 25, 2022) (finding that similar alleged injuries were most like a tort claim for fraudulent misrepresentation)

[13] *Sprint Comms. Co. v. APCC Servs. Inc.*, 554 U.S. 269, 273 (2008).

[14] *Id.*; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992).

[15] Mr. Dotson has disavowed any attempt to rely on Ms. Lottie for standing. *See* Pl.'s Mot. For Leave to File Am. Compl. (Dkt. 13), at 3.

*Conclusion*

Accordingly, this case must be dismissed and Midland's Motion for Judgment on the Pleadings (Dkt.19) is **GRANTED**. To the extent that Ms. Lottie wishes to pursue any claims she may have, she may seek to do so on her own behalf in a separate action. A judgment shall follow.[16]

**IT IS SO ORDERED** this 23rd day of June 2022.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[16] The Court also **DENIES** as moot Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 13) and Plaintiff's Motion to Compel Discovery Responses (Dkt. 14).